# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|   |   |   |
|---|---|---|
| P.S. PRODUCTS, INC., <br> BILLY PENNINGTON, Individually, <br> Plaintiffs, <br><br> VS. <br><br> UNIQUE CUTLERY, INC., KASHIF <br> ASHFAQ, Individually, <br><br> Defendants. | * * * * * * * * * * * * * * | NO: 4:09CV00664 SWW |

## Memorandum Opinion and Order

Before the Court is defendants' motion pursuant to Fed.R.Civ.P. 60(b)(1) to set aside default judgment. Plaintiffs responded in opposition to the motion. For the reasons stated below, the motion is denied.

### Background

Plaintiffs filed this lawsuit on August 6, 2009, against Unique Cutlery, Inc. and its president, Kashif Ashfaq, alleging patent infringement. Plaintiffs served Mr. Ashfaq both personally and as a representative of Unique Cutlery, Inc., shortly thereafter. Mr. Ashfaq acknowledges receiving the summons. Rather than respond to the complaint by filing a pleading with the Court, Mr. Ashfaq says he had a representative contact plaintiffs' attorney, provided plaintiffs some paperwork, and thought he had responded to the complaint satisfactorily. However, on plaintiffs' motion, the Clerk entered a default on September 24, 2009, and plaintiffs

immediately filed a motion for default judgment. When defendants failed to respond to the entry of default or to the motion for default judgment, the Court granted the motion for default judgment on October 16, 2009, and set a hearing on damages.

On December 7, 2009, Robert Huntsman filed a motion to appear *pro hac vice* on defendants' behalf. The Court granted the motion on December 8, 2009. The next day, the Court held a damages hearing. At the conclusion of the hearing, the Court determined plaintiffs established damages in the amount of $161,994.00 in lost profits, and allowed plaintiffs time to file a brief in support of their request for enhanced damages. Plaintiffs filed a brief on December 18, 2009. On January 15, 2010, Mr. Huntsman filed a notice of appearance and a motion to set aside the default judgment.

## Discussion

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c).

> Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, '[m]ost decisions ... hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order.' This is a sound distinction. There is a 'judicial preference for adjudication on the merits,' and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits.

*Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783-84 (8th Cir. 1998)(internal citations omitted). Even though a default judgment has not been entered in this case,[1] because defendants waited until after the damages hearing to engage in the proceedings, the Court finds it

---

[1]The Court has not entered a final default judgment in this case because the amount of damages has not been ascertained. *See Hagen v. Sisseton-Wahpeton Community College,* 205 F.3d 1040, 1042 (8th Cir. 2000)(default judgment cannot be entered until the amount of damages has been ascertained).

appropriate to require them to meet the more stringent standard for setting aside a default judgment under Rule 60(b)(1), which is excusable neglect.

In deciding whether the defaulting party has demonstrated "good cause" in the case of a Clerk's entry of default, or "excusable neglect" in the case of a default judgment, the court considers a number of factors including "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Id.* at 784. "In deciding whether to set aside a default judgment for 'excusable neglect,' a district court ought not to focus narrowly on the negligent act that caused the default and ask whether the act was itself in some sense excusable. Instead, the court should take account of 'all relevant circumstances surrounding the party's omission.'" *Union Pacific R. Co. v. Progress Rail Servs. Corp.,* 256 F.3d 781, 782 (8th Cir. 2001)(citation omitted). Relief under Rule 60(b) is only granted in "exceptional cases." *General Elec. Co. v. Lehnen,* 974 F.2d 66, 67 (8th Cir.1992).

Defendants admit they are blameworthy in failing to answer and respond to plaintiffs' motions but argue their conduct was not contumacious. They assert their inaction was the result of excusable neglect or in the alternative, the result of a mistake on the part of Mr. Ashfaq. Mr. Ashfaq claims that when he received the summons and other filings in the case, he assigned a subordinate to take care of the matter. Mr. Ashfaq says he "believed [he] was not required to respond directly to the court because [he] had responded to the Plaintiff's attorney, explained [his] situation to him, and thought the matter was being resolved without court involvement." Defs.' Mem. in Supp., Ashfaq Decl. at ¶ 4. He says English is not his native language and he did not fully understand the nature and significance of the proceedings against him prior to retaining

3

counsel. *Id*. at ¶ 7. Mr. Ashfaq asserts he mistakenly believed he had properly responded to the complaint.

In response, plaintiffs' attorney asserts Mr. Ashfaq did not contact any attorney or staff person in his office to discuss the case or request more time. Plaintiffs contend Mr. Ashfaq has the ability to understand conversational English and is a sophisticated businessman who, according to his website, is "one of the largest supplier[s] of Beauty, Hobby Tools, Pet Care, Knives, Swords, Axes and Law Enforcement Supplies in the world." Pls.' Resp., Ex. A. They attest that Mr. Ashfaq had a booth at a biannual trade show in Las Vegas, Nevada, for the last two years, and the booth cost starts at $2,695. *Id.*, Ex. B.

In *[Hall v. T. J. Cinnamon's, Inc.,](#)* 121 F.3d 434 (8th Cir. 1997), the Eighth Circuit upheld the district court's denial of the defendant's Rule 60(b) motion denying relief from a default judgment. The defendant in *Hall* failed to answer the complaint, failed to respond to an order to show cause why a default judgment should not be entered, and failed to appear at the damages hearing. Before the damages hearing, defendant's out-of-state counsel wrote the district court, explaining that it would not retain local counsel because of its poor financial condition, and further explained that defendant did not intend to enter an appearance in the litigation. Following the hearing on damages, at which plaintiff presented evidence, the court entered default judgment. Defendant then retained local counsel, appealed the entry of the default judgment and filed a motion to set aside the default judgment under [Fed.R.Civ.P. 55(c)](#) and 60(b). The Eighth Circuit held defendant failed to show mistake, excusable neglect or any other grounds warranting relief from judgment.

The Court finds defendants here are blameworthy in that they failed to file any response

4

to the complaint or to plaintiffs' motion for default judgment, and failed to seek any extension of time for filing any pleading or for the hearing on damages. It was only after plaintiffs filed a brief seeking enhanced damages that defendants filed a notice of appearance in the case. The Court further finds defendants are blameworthy because the record indicates defendants continue to advertise the patented product over the internet. Plaintiffs submit a copy of defendants' web page as of January 26, 2010, which includes an advertisement for plaintiffs' product.

Defendants claim they have meritorious defenses, including the erroneous naming of Mr. Ashfaq personally when the case involves a business matter, and awarding damages of over $485,000.00$^2$ when the cost of the units sold amount to less than $5,000. Defendants also argue they have traditional patent defenses of non-infringement and invalidity which, for economic reasons, generally would not be asserted in a case involving so little product. But defendants say that if plaintiffs are seeking over $485,000 in damages, they should have the opportunity to defend on the amount as well as the merits.

"Whether a meritorious defense exists is determined by examining 'whether the proffered evidence would permit a finding for the defaulting party.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008)(citing *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1999)). "'The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default.'" *Id.* (quoting *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1998)). Defendants submit Mr. Ashfaq's affidavit and attached exhibits which indicate they ordered 379

---

$^2$Pending before the Court is plaintiffs' motion for enhanced damages in the amount of $485,982.00.

units, for which the damages would be a few thousand dollars. *See* Br. in Supp. Mot. to Set Aside, Ashfaq Decl. and Exs. Defendants, however, have submitted no evidence that would indicate a finding on the merits would be in their favor and, as plaintiffs' evidence suggests, defendants continue to offer illegal copies of plaintiffs' patented product for sale. The Court finds defendants have failed to demonstrate they have meritorious defenses.

Defendants argue that other than delay, plaintiffs would suffer no adverse consequences if the default were set aside and the case considered on its merits. Plaintiffs argue that in addition to delay, they would have to pay additional litigation costs and forego additional profits because defendants continue to illegally sell the product. "[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d at 785. Instead, the asserted prejudice must be "concrete," such as the "loss of evidence, increased difficulty in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelson v. Kane,* 907 F.2d 617, 621 (6th Cir.1990). Such considerations reflect the "judicial preference for adjudication on the merits." *Id.* at 784, citing *Oberstar v. F.D.I.C.,* 987 F.2d 494, 504 (8th Cir.1993).

This case was filed in August 2009, the motion for default judgment was granted in October 2009, and the damages hearing was in December 2009. If it were not for the evidence that defendants continue to offer illegal copies of plaintiffs' product for sale, the Court would be persuaded that this factor, prejudice, would weigh in defendants' favor. However, because there is evidence that defendants continue to violate plaintiffs' patent, and because defendants have failed to show they are not blameworthy or culpable or that they have a meritorious defense, the Court finds the motion to set aside should be denied. Defendants have failed to show good cause

6

or mistake, excusable neglect, or any other grounds warranting relief from judgment.

**Conclusion**

For the reasons stated, the motion [doc. # 15] is denied.  Defendants are ordered to respond to plaintiffs' brief in support of their request for enhanced damages within fourteen (14) days from the date of entry of this Order.

SO ORDERED this 25th of February 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE