IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| P. S. PRODUCTS, INC., | * | |
| BILLY PENNINGTON, Individually, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | No. 4:09CV00664 SWW |
| | * | |
| UNIQUE CUTLERY, INC. | * | |
| and KASHIF ASHFAQ, Individually, | * | |
| | * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

Plaintiffs are P.S. Products, Inc. and its president, Billy Pennington. They filed this patent infringement complaint on August 6, 2009, alleging defendants Unique Cutlery, Inc. and its president, Kashif Ashfaq, violated 35 U.S.C. § 271 by manufacturing, importing, and selling illegal copies of a patented stun gun. Plaintiffs seek compensatory, punitive, and treble damages.

**Background**

According to the complaint, Unique Cutlery, Inc. is a company headquartered in Florida. On August 11, 2009, plaintiffs' attorney personally served defendants with the summons and complaint at their booth at a trade show in Las Vegas, Nevada.

Defendants failed to answer or otherwise respond to the complaint, and the Clerk of the Court entered a default on September 24, 2009. Plaintiffs then moved for a default judgment which the Court granted on October 16, 2009, after defendants failed to respond. The Court granted plaintiffs' motion for default judgment on October 16, 2009. On November 12, 2009, the Court sent defendants a notice of hearing on damages set for December 9, 2009, by both regular and certified mail. On

December 7, 2009, defendants filed a motion for attorney Robert A. Huntsman to appear *pro hac vice*. The Court granted the motion on December 8, 2009.

On December 9, 2009, the Court held a hearing to determine damages. Neither defendants nor their attorney appeared. At the conclusion of the hearing, the Court directed plaintiffs to file a brief in support of their request for enhanced damages. Plaintiffs filed a brief on December 18, 2009. On January 15, 2010, defendants filed a motion to set aside the default judgment. The Court denied the motion, and directed defendants to file a response to plaintiffs' brief in support of enhanced damages. The Court later granted defendants' request for additional time to respond.[1] Defendants failed to respond.

**Discussion**

Based on the evidence presented at the December 9, 2009, hearing, the Court finds plaintiffs are entitled to compensatory damages in the amount of $161,994.00 for lost profits. The Court further finds plaintiffs are entitled to treble damages in the amount of $485,982.00.

The Court has discretion to award increased damages up to three times the amount of general damages pursuant to 35 U.S. § 284.[2]

> Willfulness of the infringement is the sole basis for the court's exercise of its discretion to enhance damages under 35 U.S.C. § 284 (1988). . . .
>
> A court's determination that infringement was willful is a finding of fact, reviewable under the clearly erroneous standard. Once a finding of willfulness has been made,

---

[1] Defendant Kashif Ashfaq sent a letter to the Court asking for additional time. The Court treated the letter as a *pro se* motion. *See* docket entry 20. Later, Mr. Huntsman sent a letter to the Court dated April 1, 2010, stating that he still represents defendants, did not know about Ashfaq's letter, and would have filed a motion on defendants' behalf.

[2] 35 U.S.C. § 284 (Supp. 2009) provides in pertinent part: "When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed."

> the decision to enhance damages, up to three times the amount found, is discretionary. Section 284 states that 'the court *may* increase the damages up to three times the amount found or assessed.'
>
> There are no hard and fast rules regarding a finding of willfulness. Rather, we have stated many times that a number of factors enter into a willfulness determination and, as such, the issue is properly resolved by evaluating the totality of the surrounding circumstances.

*Graco, Inc. v. Binks Mfg. Co.,* 60 F.3d 785, 792 (Fed. Cir. 1995).

The Court finds the evidence shows defendants willfully infringed plaintiffs' patent claim. According to allegations of the complaint,[3] Unique Cutlery, Inc. is a manufacturer and retail provider of Beauty, Hobby Tools, Pet Care, Knives, Swords, Axes and Law Enforcement Supplies. Unique Cutlery is a former buyer of plaintiffs' products. Defendants bought the Blast Knuckle Stun Gun from plaintiffs and would then resell the product to customers. On February 5, 2008, plaintiffs obtained a patent on its stun gun, and on September 8, 2008, obtained a subsequent patent. Plaintiffs' stun gun, which is shaped like brass knuckles, is one of a kind. Plaintiff P.S. Products, Inc., is the only manufacturer and supplier in the United States, and the only holder of a patent on a product of this kind in the United States. Plaintiffs state the stun gun is its most sought after and sold product, and defendants knew plaintiffs possessed a patent on the stun gun. Plaintiffs notified defendants by letter dated July 20, 2007, that there was an illegal copy of the stun gun on the market and that anyone who violated the patent would be legally pursued. When plaintiffs learned that Unique Cutlery was manufacturing, importing, and selling an illegal copy of plaintiffs' product, plaintiffs' counsel personally served Kashif Ashfaq on March 13, 2009, with a cease and desist letter. Defendants continued to sell the illegal product.

---

[3] Upon default, the factual allegations of a complaint relating to liability are taken as true. *Murray v. Lene,* 595 F.3d 868, 871 (8th Cir. 2010).

Defendants failed to answer the complaint, failed to participate in the damages hearing, and failed to respond timely to plaintiffs' enhanced damages request. Furthermore, according to plaintiffs, defendants continued to offer the infringed product on its website.[4]

Having found defendants acted willfully, the Court must determine whether or not to increase damages, and the amount of any increase. Damages for willful infringement under § 284 are punitive, not compensatory. *Carlson Marketing Group, Inc. v. Royal Indem. Co.,* 517 F.Supp.2d 1089, 1112 (D.Minn. 2007). In making the determination about enhanced damages, court may consider evidence such as: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, upon learning of the patent, investigated and formed a good-faith belief that the patent was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) duration of the infringer's misconduct; (7) remedial action by the infringer; (8) the infringer's motivation for harm; and (9) whether the infringer attempted to conceal its misconduct. *Read Corp. v. Portec, Inc.,* 970 F.2d 816, 827 (Fed.Cir. 1992).

The Court finds defendants' conduct, including their failure to participate in the court proceedings in any meaningful way and their continued their infringement, warrant an award of

---

[4]*See* Comp. [doc. no. 1] at ¶ 26; Pls.' Reply Br. to Defs.' Mot. Set Aside Default J. [doc. No. 17], Ex. A.

enhanced damages, and that an enhanced award of three times the amount of compensatory damages serves as appropriate punishment.

## Conclusion

IT IS THEREFORE ORDERED that Judgment will be entered in favor of plaintiffs. The Court awards compensatory damages in the amount of $161,994.00, and enhanced damages in the amount of $485,982.00, for a total of $647,976.00.

DATED this 13th day of May, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE